[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 8, 1973 at New York, New York. The defendant has satisfied the residency requirement, and the court has jurisdiction. There are two children, issue of the marriage. Both have attained majority. The evidence indicates that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff is 46 years old and enjoys good health. He hold a degree in Marketing from the University of Massachusetts. He presently is the president of a business in Georgia that manufactures picture frame moldings.
The defendant is also 46 years old and has been treated for depression and other medical problems. She is also a graduate of the University of Massachusetts, but has not held employment since 1983.
The parties have moved numerous times to various states during their marriage. This was necessary because of job changes by the plaintiff. There were several periods where the parties were required to live separately. This, caused a strain on their relationship. Although both parties contributed to the breakdown of their marriage, the evidence indicates that the plaintiff must bear the greater responsibility.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-62, 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter:
1. Although the court understands why the defendant would like to remain in the marital residence, it does not appear that she can be accommodated. The parties have only one substantial asset CT Page 4733 to divide. Also, the plaintiff's current income is not sufficient to cover the needs of the defendant while in the residence over a long period of time. The residence at 226 Hoyt Farm Road in New Canaan, Connecticut shall be promptly listed for sale and sold. The court reserves jurisdiction over issues that may arise between the parties as to the details surrounding the sale, such as listing price, selling price, broker and any other such matter. From the proceeds of sale, the broker's fees, closing costs, real estate taxes and the balance on the current mortgage shall be paid. The defendant shall be solely responsible for obtaining the discharge of the lien by Attorney Joy Peshkin and the mortgage to Attorney Margaret Dorsey. The net proceeds shall be divided as follows: sixty (60%) percent to the defendant, and forty (40%) percent to the plaintiff. Until the residence is sold, the defendant shall have exclusive possession. She shall be responsible for the payment of the mortgage and other carrying charges associated with the property.
2. The court finds the plaintiffs current income to be $120,000 per year plus $3,600 for an automobile allowance. Although the plaintiff has earned higher salaries in the past, the current reduced level of income was not caused by any voluntary actions of the plaintiff. Therefore, use of his earning capacity to determine his periodic alimony obligation, as requested by the defendant, is inappropriate. The plaintiff shall pay to the defendant periodic alimony in the amount of $4,300 per month, in advance. The payments shall commence on April 1, 1998 and shall continue until the death of either party or the remarriage of the defendant, whichever event first occurs. The sale of the marital residence upon the transfer of title shall constitute a substantial change of circumstances.
The plaintiff's obligation to pay periodic alimony shall be reduced to $3,500.00 per month, commencing the first day of the month following the transfer of title. The parties, if other substantial changes of circumstances occur between the date of judgment and date of sale, may seek a modification of the $3,500.00 per month order.
A contingent wage withholding order may enter.
3. As security for his periodic alimony obligation, the plaintiff shall name the defendant as irrevocable beneficiary of Three Hundred Fifty Thousand Dollars worth of life insurance. The plaintiff shall annually furnish the defendant with proof of such coverage by July first of each year. CT Page 4734
4. The plaintiff shall transfer to the defendant, by way of Qualified Domestic Relations Orders, fifty (50%) percent of his existing retirement accounts at Bruckner Manufacturing Corporation and Spartus Corporation, including his 401K at Spartus Corporation. The court retains jurisdiction to modify this portion of the judgment to ensure compliance with federal and/or state law relating to retirement/pension benefits.
5. The plaintiff shall retain ownership of the following assets: his Coastal States Gas and Valero stocks; his claim for reimbursement of business expenses; his interest in his mother's estate; his First Union bank accounts; his stock options; his 1987 BMW and 1993 Nissan Altima automobiles; his loans receivable; and his frequent flyer miles.
6. The defendant shall retain ownership of her First Union bank account; her G.I. Holidays, Inc. security; and her 1991 Jaguar automobile.
7. The defendant is currently insured under certain medical policies made available to the plaintiff. The plaintiff shall take all steps necessary to assist the defendant in the continuation of this insurance by transferring her coverage from group policies to an individual policy to the extent permitted by law or the policy. The defendant shall be responsible for the cost of said insurance after the date of said transfer.
8. The furnishings currently in the family home are awarded to the defendant, except for the plaintiff's clothing and personal effects, if any, which are awarded to him.
9. If the parties agree to file joint tax returns for calendar year 1995, they shall equally divide any tax refunds for that year. The plaintiff shall indemnify and hold the defendant harmless from the filing of such joint tax returns.
10. Each party shall be responsible for the liabilities set forth in his and her financial affidavits.
11. The plaintiff shall pay to the defendant the sum of $25,000 as a contribution towards the defendant's counsel fees owed to attorney Dorsey and her prior counsel. The court finds a denial of the defendant's claim would unduly impair and undermine the other financial awards entered. CT Page 4735
Judgment may enter accordingly.
NOVACK, J.